(32 Misc. Rep. 630.)

MINSTER v. BENOLIEL.

(City Court of New York, General Term. November 5, 1900.)

1. BROKERS—COMPENSATION—EVIDENCE.

Where, in an action by a broker against a landlord to recover agreed compensation for having secured a tenant, it was established that the one to whom the premises were rerted by the landlord was the agent of parties whom the broker had presented to the landlord, a verdict in favor of plaintiff was justified.

2. SAME.

Where a broker, having been engaged by a landlord to secure a tenant, was promised by persons who leased the premises, after the lease was made, that they would pay him his commissions if the landlord did not, such agreement did not release defendant from his obligation to compensate the broker according to the original agreement between them.

3. TRIAL—INSTRUCTIONS.

Where the charge of the court, including defendant's granted requests, fully and fairly submitted all the law applicable, it was proper to refuse any other requests of defendant.

4. APPEAL—PRESUMPTIONS.

When on appeal it appeared the jury had been fully charged on the law applicable, and requests to charge by appellant were not before the court, it would be presumed the requests were covered by the charge, or not applicable.

Appeal from trial term.

Action by Lewis Cass Minster against Daniel J. Benoliel. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Coudert Bros., for appellant.
Wahle & Stone, for respondent.

FITZSIMONS, C. J. The defendant, being the landlord of vacant premises on Broadway, in this city, and desiring to rent them, engaged plaintiff, who was a real-estate broker, to procure a tenant. The testimony shows that after such employment he introduced to defendant Messrs. Tivnan & Somers and several other persons who desired to rent said premises; that finally they were rented to one Winfield by defendant. Plaintiff contends that Winfield was the agent of Tivnan & Somers, and we believe that the jury were justified in so finding, because the testimony showing such a relation is quite strong. It also appears that defendant knew that Winfield represented Tivnan & Somers, and so informed plaintiff, who was not aware of that fact at the time he received such information. The establishment of these facts in plaintiff's favor justified them in rendering a verdict in plaintiff's favor.

The defendant, upon this appeal, contends that plaintiff cannot recover, because he agreed to accept commission from Tivnan & Somers without defendant's consent; thus serving two masters. There is no such evidence. All that was shown by defendant upon that point was that Tivnan & Somers, after they had leased, promised plaintiff to pay him his commissions if defendant did not. They never paid

them, and could not be compelled to do so by plaintiff, and such agreement surely did not release defendant from his obligation to do so. It was proper to allow the testimony and agreement in evidence, because it proved plaintiff's assertion that Tivnan & Somers and Winfield held such business relations towards each other as would justify a jury in concluding that he was their business agent.

The charge of the trial justice, supplemented by those requests submitted by defendant, and which were charged fairly, fully, and squarely, submitted to the jury all the law bearing upon the case. He was, therefore, justified in refusing to charge other requests submitted by defendant. Although such requests are not before us, we must conclude that they required the justice to repeat what he had already charged, or else required him to charge law not applicable to the case,—something he was not compelled to do.

We find no error. We think the case was fairly tried, and that the verdict was a just one. It is therefore affirmed, with costs.

CONLAN, J., concurs.